The judgment will be reversed because the evidence did not support the verdict.

RICHARD THOMPSON, PETITIONER-APPELLANT, v. AMERICAN SMELTING AND REFINING COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 15, 1950—Decided May 24, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. Samuel Press* argued the cause for appellant.

*Mr. Francis M. Seaman* argued the cause for respondent.

The opinion of the court was delivered by
Colie, J. A. D.   On December 11, 1946, the appellant, Richard Thompson, a crane operator for the defendant com-

pany. sustained an accident arising out of and in the course of his employment when he suffered severe burns as a result of an explosion. He was hospitalized for some two months and received medical treatment until May, 1947. Compensation for temporary disability was paid up to the time when he returned to work May 5, 1947. Shortly thereafter at an informal hearing he was awarded total partial disability of 15%. About a year later, a formal petition was filed claiming additional orthopaedic disability, a neurosis and the loss of vision in the right eye. The Deputy Director who heard the case in the Division of Workmen's Compensation dismissed the petition, holding that the 15% of partial total disability awarded at the informal hearing was adequate, and that petitioner had failed to sustain the burden of proof of neurological disability or that the loss of vision of his right eye was the result of an injury arising out of and in the course of his employment. On appeal, the County Court held that appellant had not met the burden of proving additional orthopaedic disability beyond that for which he had previously been compensated, or a neurological disability and loss of vision of his right eye as a result of the admitted accident. Without attempting to epitomize all the testimony, it will suffice to point out that while in the hospital, the petitioner was attended by Dr. Urbanski, the Medical Director of the employer. Petitioner testified that he complained to Dr. Urbanski of his right eye twice while he was in the hospital and once after returning to work. Dr. Urbanski denied this and stated that the first complaint was in October, 1947, at which time he referred the petitioner to Dr. Fine. The appellant testified that in June, 1947, he complained to his foreman and was sent to the plant hospital and there complained of his eyesight. The records of the plant hospital, however, do not bear this out. The earliest date on which any complaint as to the eye appears therein is October 28, 1947. Dr. Brayton E. Failing first examined appellant on October 21, 1948, twenty-two months after the accident and about a year after the first complaint of blurred vision. His findings were that

the appellant had chorioretinitis and an optic atrophy in his right eye. He attributed the loss of vision to the accident of December 11, 1946. On cross-examination Dr. Failing testified that if there was no toxemia present, then the loss of vision was probably not related to the accident. Dr. Irving V. Berney, an ophthalmologist, was of the opinion that the loss of vision in the right eye was the natural and probable result of the accident. Dr. Irving J. Fine to whom the injured workman was referred in October, 1948, was of the opinion that the condition of the right eye was not causally connected to the accident of December 11, 1946, and that also was the opinion of Dr. Emanuel Rosen who examined the appellant in November, 1947, at the suggestion of Dr. Fine. On the neurological side we find sharp conflict of testimony between Dr. Adelson produced on behalf of the petitioner and Dr. Blumberg on behalf of the respondent, the former finding a permanent disability due to neurosis of $7\frac{1}{2}\%$ of permanent, the latter finding a complete absence of a neurosis.

There is no doubt of the power of this court to make an independent finding of fact where the interest of justice requires. From our study of the record we find that the injured employee has not borne the burden of proof of increased disability.

The judgment is affirmed.